[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION
I.
Jamie St. Pierre is charged in a two count information with Robbery in the First Degree, section 53a-134(a)(4) and Larceny From a Person, section 53a-123 (a)(3) of the Connecticut General Statutes. The State alleges that the defendant committed these crimes on April 12, 1996 at approximately 1:45 a.m., when he robbed a 7-11 convenience store on Davis Street in Watertown, CT Page 488 Connecticut.
Saint Pierre has filed a motion to suppress two out-of-court identifications and claims under both the federal and state constitutions that his due process rights were violated by the procedures used in obtaining the identifications. The court held evidentiary hearings on this, motion on January 22, 23, and 27, 1998.
The motion is denied.
 II.
From the evidence deemed credible, the court makes the following findings of fact. During the early morning hours of April 12, 1996, Christopher Brown, a clerk-cashier, employed by the 7-11 convenience store on Davis Street, Watertown, complained to the police department that he had been robbed. Brown related that after waiting on two customers, the robber approached him at the counter and indicated that this was a holdup. The robber, according to the clerk, made motions suggesting that he had a gun under his hooded sweatshirt and demanded money. After Brown inquired and determined that the robber was indeed serious about the crime, Brown took money out of the cash register and turned it over. The clerk estimated that this whole process took several minutes. In response to Brown's complaint, Sergeant John Carroll, and Officers Timothy Gavallas, George Zappone and Norman Roberts responded to the 7-11 store. Brown furnished a description of the robber[1] and also informed the police that video cameras were being used in the store. Shortly thereafter, the police were furnished two video tapes by Carl Vecca, the husband of the owner of the store, which Sergeant Carroll retrieved and took back to the police station for viewing. Upon looking at the tapes, Carroll believed from the clothing depicted in the videos that the robber was Jamie St. Pierre, the defendant. Carroll had seen the defendant wearing this clothing during the early evening hours of April 11, 1996. Thereafter, Officer Roberts brought a photograph of St. Pierre, taken by the police during July of 1989, to Brown at the 7-11. Brown indicated that the person depicted in the photo was the robber. The police also showed Brown a hooded sweatshirt, and a pair of black colored sneakers, which they had retrieved from the defendant's home. Brown also identified these items as having been worn earlier by the robber.
Prior to 6:00 a.m. on April 12th, the police requested that CT Page 489 Christopher Brown come to the Watertown police station. While there, he entered a room equipped with a two-way mirror and viewed the defendant in another room in the presence of two uniformed Watertown police officers, Sergeant Carroll and Officer Gavallas. St. Pierre had come voluntarily to the police station at the request of the police, who had gone to his home shortly after the robbery. Upon seeing St. Pierre, Brown immediately identified him as the robber. The defendant was then arrested.
 III.
St. Pierre by this motion seeks to suppress "his in-court and out-of-court identifications by Christopher Brown . . . on the grounds that the identifications are not and were not reliable because they are the product of unnecessarily suggestive techniques utilized in this case by the Watertown Police Department. . . ."
 IV.
The seminal case for our determination of the admissibility of identification testimony is Manson v. Brathwaite, 432 U.S. 98
(1977). There, the federal Supreme Court observed "[R]eliability is the linchpin in determining the admissibility of identification testimony. . . ." Id. 114. Where unnecessarily suggestive identifications procedures have been used by the police, the Court indicated that the following factors must be used and weighted to determine if an identification is reliable: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. 114.
When Officer Roberts presented the single photograph of the defendant to Christopher Brown and inquired if he recognized the person depicted, there was no pressing exigency. Roberts had obtained the photo at police headquarters and, with a modest amount of effort, could have prepared a photo array for presentation[2]. The photo procedure actually used was, in our opinion, unnecessarily suggestive. State v. Lindstrom,46 Conn. App. 810, 815 (1997).
The show up of St. Pierre, at the police station while in the CT Page 490 company of two uniformed officers, was also in our opinion unnecessarily suggestive. St. Pierre had come voluntarily to the police station and exhibiting him in the company of two uniformed police officers to the victim, Brown, was of course suggestive and a procedure that was not necessary. See State v. Mitchell,204 Conn. 187, 192, 200-204 (1987); State v. Gordon,185 Conn. 402, 406-07, 411-419 (1981).
In spite of our finding the two show-ups to be unnecessarily suggestive, we conclude that Brown's ability to identify St. Pierre out-of-court on those two occasions is reliable under the totality of the circumstances. Brown had several moments to stare into the face of the robber from behind the counter; his attention was fixed on the face of the hooded culprit; and he gave the police a full description of the robber at the time the crime was committed. Finally, at the time of the two out-of-court identifications, which occurred shortly after the robbery, he was positive in making the identifications. Accordingly, under these circumstances, the court concludes that the two identifications are reliable. Manson v. Brathwaite, supra; State v. Ramsundar,204 Conn. 4, 10, 13 (1987); State v. Campfield, 44 Conn. App. 6,11-12 (1996) cert. denied 240 Conn. 916 (1997). The motion to suppress is denied.
An order may enter accordingly.
William Patrick Murray a judge of the Superior Court